UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**25-CR-60011-DIMITROULEAS/HUNT**

CASE NO. _____

15 U.S.C. § 78j(b)
15 U.S.C. § 78ff(a)
17 C.F.R. § 240.10b-5
18 U.S.C. § 981(a)(l)(C)

FILED BY ____mp____ D.C.

Jan 24, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES OF AMERICA**

v.

**STEPHEN GEORGE,**

   **Defendant.**
_____/

## INFORMATION

The United States charges that:

### GENERAL ALLEGATIONS

At times relevant to this Information:

#### Relevant Individuals and Entities

1. Defendant **STEPHEN GEORGE** was a resident of Broward County, Florida. From in or around November 2017 through April 7, 2023, **STEPHEN GEORGE** was a member of the Finance Department at Company A. From in or around November 2017 until at least in or around August 2022, **STEPHEN GEORGE** worked as a Vice President and Controller.

2. Company A was a consumer-packaged goods company and the maker of a fitness drink headquartered in Palm Beach County, Florida. Company A's shares were securities that were publicly traded on a national securities exchange, namely, the NASDAQ Stock Market.

3. **STEPHEN GEORGE** owed a duty of confidentiality to Company A to refrain from trading in Company A's securities on the basis of material non-public information ("MNPI")

that he received because of his employment at Company A. **STEPHEN GEORGE** was subject to Company A's Insider Trading Policy and Code of Ethical Conduct that prohibited insider trading.

4. **STEPHEN GEORGE** maintained two brokerage accounts in his own name, one at E*TRADE bearing an account number ending in *1163 ("E*TRADE Account *1163") and one at Merrill Lynch bearing an account number ending in *9K75 ("Merrill Lynch Account *9k75").

### SECURITIES FRAUD
**(15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5)**

5. From at least in or around March 2023 through at least in or around May 2023, in the Southern District of Florida, and elsewhere, the defendant,

**STEPHEN GEORGE,**

knowingly and willfully, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails, and facilities of national securities exchanges, did use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, that is, Company A common stock and options, and did (a) employ a device, scheme, and artifice to defraud; (b) make untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices, and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of said securities; that is, purchasing and selling Company A common stock and options on the basis of material non-public information concerning Company A in breach of a duty of confidence owed to Company A, including purchasing 10,000 shares of Company A common stock on April 10, 2023.

## MANNER AND MEANS OF THE INSIDER TRADING SCHEME

The manner and means by which the defendant sought to accomplish the insider trading scheme included, among other things, the following:

6. Beginning at least in or around March 2023, **STEPHEN GEORGE** obtained confidential information through his position at Company A regarding Company A's first quarter 2023 financial performance, information that he knew was MNPI. For example, on April 7, 2023, his last day of employment with Company A, **STEPHEN GEORGE** used a Company A computer to access Company A's enterprise resource planning system and generate a consolidated income statement showing Company A's financial performance for the three months ending March 31, 2023, which he knew was MNPI. The income statement showed that Company A's first quarter financial results had greatly exceeded expectations. Shortly after generating the report, **STEPHEN GEORGE** emailed the file to himself using two separate personal email accounts.

7. **STEPHEN GEORGE** violated the duty of confidentiality he owed Company A by trading in Company A securities on the basis of MNPI in a series of transactions involving Company A common stock and call options. Specifically, on April 10, 2023 (the first trading day after the end of **STEPHEN GEORGE**'s employment at Company A), and continuing through May 8, 2023, **STEPHEN GEORGE** purchased in E*TRADE Account *1163 20,000 shares of Company A common stock at prices ranging from $85.72 to $106.45 per share. On April 13, 2023, in Merrill Lynch Account *9K75, **STEPHEN GEORGE** purchased 100 Company A May 19, 2023 $95 call options at $4.00 per contract and 100 Company A May 19, 2023 $105 call options at $1.75 per contract. On April 20, 2023, in E*TRADE Account *1163, **STEPHEN GEORGE** purchased 100 Company A May 19, 2023 $100 call options at $2.50 per contract.

8. On May 9, 2023, after the close of the market, Company A publicly reported better-than-expected earnings and sales for the quarterly period ending March 31, 2023, including an all-time quarterly record in revenue. The results were substantially similar to those contained in the income statement that **STEPHEN GEORGE** generated from Company A's system and emailed to himself on April 7, 2023, using two personal email addresses. After the news of Company A's financial performance became public, Company A's stock price rose significantly.

9. During the next trading day, May 10, 2023, in E*TRADE Account *1163, **STEPHEN GEORGE** sold the $100 call option contracts at $30 per contract and all 20,000 shares at prices ranging from $130.70 to $133.03 per share, resulting in a profit of approximately $1,085,566.90. In addition, also on May 10, 2023, in Merrill Lynch Account *9K75, **STEPHEN GEORGE** sold the $95 and $105 call option contracts at $37.50 and $28.00 per contract, respectively, resulting in a profit of approximately $597,234.76.

10. In total, **STEPHEN GEORGE** generated over $1,682,801 in trading profits by trading on the MNPI.

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a); and Title 17, Code of Federal Regulations, Section 240.10b-5.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **STEPHEN GEORGE**, has an interest.

2. Upon conviction of a violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, as alleged in this Information,

the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property directly subject to forfeiture as a result of the alleged offense includes, but is not limited to, the following: a forfeiture money judgment in the sum of $1,682,801.66 in United States currency, which sum represents the value of any property which constitutes or is derived from proceeds traceable to the defendant's commission of the offense.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), which includes, but is not limited to, up to $1,682,801.66 in equity in the following assets:

   a. account number ending in *9137 at Bank of America;
   b. account number ending in *0920 at JP Morgan Chase Bank;
   c. account number ending in *1163 at E*Trade Securities;
   d. account number ending in *9K75 at Merrill Lynch;

    e. real property located at 11430-11434 NW 42nd St #1-3, Coral Springs, FL 33065-7242;

    f. real property located at 7791 NW 125th Lane, Parkland, Florida 33076; and

    g. real property located 7209 NW 127th Way, Parkland, Florida 33076.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

MICHAEL S. DAVIS
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

GLENN S. LEON, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

ELI S. RUBIN
ELIZABETH YOUNG
ASSISTANT U.S. ATTORNEYS

MATTHEW F. SULLIVAN
MATT KAHN
TRIAL ATTORNEYS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: __25-CR-60011-DIMITROULEAS/HUNT__

v.

STEPHEN GEORGE,

_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☒ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) __No__
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) __No__
   If yes, _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) __No__
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) __No__
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) __No__
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? __No__
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? __No__

By: _____
Eli S. Ruibin
Assistant United States Attorney
SDFL Court ID No. A5503535

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: STEPHEN GEORGE

**Case No**: _____

Count #: 1

Securities Fraud

Title 15, United States Code, Section 78j(b) & 78ff; 17 C.F.R. § 240.10b-5
* **Max. Term of Imprisonment:** Twenty (20) years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $5,000,000 or twice the gross gain or gross loss

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| STEPHEN GEORGE | ) | 25-CR-60011-DIMITROULEAS/HUNT |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Gabriela Ruiz and Matthew Menchel
*Printed name of defendant's attorneys*

_____
*Judge's signature*

_____
*Judge's printed name and title*