UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60011-CR-WPD

UNITED STATES OF AMERICA

vs.

STEPHEN GEORGE,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Southern District of Florida (together, the "United States"), and STEPHEN GEORGE (hereinafter referred to as the "Defendant"), enter into the following Plea Agreement ("Agreement"):

1. The Defendant understands that he has the right to have the evidence and charges against him presented to a federal grand jury for determination of whether or not there is probable cause to believe he committed the offense with which he is charged. Understanding this right, and after full and complete consultation with his attorneys, the Defendant agrees to waive in open court his right to prosecution by indictment and agrees that the United States may proceed by way of an information to be filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The Defendant agrees to plead guilty to one count of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. In exchange for the Defendant's agreement to plead guilty, and for fulfilling all of his other obligations set forth in this Agreement, and subject to the limitations and provisions set forth in this Agreement, the United States agrees not to prosecute the Defendant for any other offenses arising out of the conduct

described in the Factual Proffer included with this Agreement. This Agreement includes only the conduct set forth in the Factual Proffer and excludes crimes of violence and any tax offense. This Agreement is also limited to the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Southern District of Florida, and as such, does not and cannot bind other federal, state, regulatory, or local prosecuting authorities. This Agreement is further conditioned on the Defendant fulfilling all of the terms of this Agreement.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory United States Sentencing Guidelines and Policy Statements (hereinafter "U.S.S.G." or "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000, may order forfeiture, and must order restitution, if applicable. Pursuant to 18 U.S.C. § 3663A(c)(2), the Defendant agrees that an offense listed in 18 U.S.C. § 3663A(c)(1) gave rise to this Agreement and, if applicable, any victims of the conduct described in the Factual Proffer shall be entitled to restitution.

5.      The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this Agreement, a special assessment in the amount of $100 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to the United States and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6.      The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing, the

Defendant's offense level is determined to be 16 or greater, the United States will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States further agrees to recommend that the Defendant be sentenced within the advisory guideline range as that range is determined by the Court. The United States, however, will not be required to make this motion or such a recommendation if the Defendant: (a) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; or (b) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

    8.    The United States and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed on the Defendant:

    (a)    <u>Base Offense Level</u>: The Defendant's base offense level is eight (8) pursuant to U.S.S.G. § 2B1.4(a).

    (b)    <u>Gain</u>: It is the United States' position that the Defendant's offense level shall be increased by sixteen (16) levels pursuant to U.S.S.G. §§ 2B1.4(b)(1) and 2B1.1(b)(1)(I) because the gain resulting from the offense was between $1,500,000 and $3,500,000. It is the Defendant's position that his offense level shall be increased by fourteen (14) levels pursuant to U.S.S.G. §§ 2B1.4(b)(1) and

-4-

        2B1.1(b)(1)(H) because the gain resulting from the offense was between $550,000 and $1,500,000.

    (c)    Abuse of Position of Trust: It is the United States' position that the Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 3B1.3 because the Defendant abused a position of trust in a manner that significantly facilitated the commission of the offense. The Defendant reserves the right to argue that his offense level should not be increased pursuant to U.S.S.G. § 3B1.3 because the enhancement does not apply under the facts of this case.

The United States and the Defendant agree to jointly recommend application of the above Sentencing Guidelines calculation, except where otherwise stated. After recommending that the Court apply the guidelines in a manner consistent with this paragraph, either party may make additional sentencing arguments, including as to the ultimate sentence requested, under the factors set forth in 18 U.S.C. § 3553(a).

    9.    The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw the Defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a

recommendation made jointly by the Defendant and the United States.

10. The United States and the Defendant stipulate to, and agree not to contest, the facts in the attached Factual Proffer, and stipulate that such facts provide a sufficient factual basis for the plea of guilty in this case, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure. The Defendant hereby (a) confirms that he has reviewed the facts in the Factual Proffer with his attorney, (b) adopts the factual summary in the Factual Proffer as his own statement, and (c) agrees that the facts in the Factual Proffer are true and correct. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the Defendant's guilty plea to the charge cited in paragraph 2, the Factual Proffer does not purport to represent all facts and circumstances relating to the Defendant's offense conduct.

11. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense in violation of 15 U.S.C. §§ 78ff and 78ff(a) and 17 C.F.R. § 240.10b-5 to which he is pleading guilty, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a. a forfeiture money judgment in a sum no less than $1,152,614.34 in United States currency, which sum represents the value of any property that constitutes or is derived from gross proceeds traceable to the Defendant's commission of the offense; and

    b. substitute property, including but not limited to (collectively, "Property"):

        i. Account number ending in *9137 at Bank of America, N.A.;

      ii. Account number ending in *0920 at JPMorgan Chase Bank, N.A.;

      iii. Account number ending in *1163 at E*TRADE Securities;

      iv. Account number ending in *9K75 at Merrill Lynch;

      v. real property located at 11430-11434 NW 42nd St #1-3, Coral Springs, Florida 33065-7242;

      vi. real property located at 7791 NW 125th Lane, Parkland, Florida 33076; and

      vii. real property located 7209 NW 127th Way, Parkland, Florida 33076.

12. In lieu of forfeiture of the Property by the United States, the parties agree that the Defendant shall remit the full amount of the forfeiture money judgment as determined by the Court to the United States within 90 days of the entry of the preliminary order of forfeiture (the "Payment"). The Defendant agrees to the final forfeiture of the Payment, and upon receipt of the Payment, all right, title, and interest in the Payment shall vest in the United States.

13. The Defendant agrees to sign an affidavit under penalty of perjury attesting that the Payment is not derived from any unlawful source, other than the offense conduct to which the Defendant is pleading guilty, and agrees to attach proof of the source of funds to such affidavit within 90 days of the entry of the preliminary order of forfeiture.

14. If the Payment is not remitted to the United States within 90 days of the entry of the preliminary order of forfeiture or the affidavit described in the paragraph above is not provided to the United States within 90 days of the entry of the preliminary order of forfeiture, the Defendant consents to the forfeiture of the Property up to the full amount of the forfeiture money judgment as determined by the Court.

15. The Defendant and the United States agree that the Payment shall be applied in full

satisfaction of the Defendant's forfeiture money judgment.

16. The Defendant agrees that he will not take any action to encumber, transfer, dispose of, or cloud the title to any real property belonging to him without approval of the United States, until the Payment is made. The Defendant further agrees that he shall continue to be responsible for all real property taxes, liens, and other claims and encumbrances against such real property until the Payment is made.

17. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

18. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further expressly waives his right to appeal based on arguments that (a) the statute to which the Defendant is pleading guilty is unconstitutional and (b) the Defendant's admitted conduct does not fall within the scope of the statute. The Defendant

further understands that nothing in this Agreement shall affect the United States's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this Agreement with the Defendant's attorney. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

19. In the event the Defendant withdraws from this Agreement prior to or after pleading guilty to the charge identified in paragraph 2, or should the United States, in its sole discretion, determine that the Defendant failed to fully comply with any of the terms of this Agreement, the United States will be released from its obligations under this Agreement, and the Defendant agrees and understands that: (a) the Defendant thereby waives any protection afforded by Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the Defendant as part of plea discussions, any debriefings or interviews, or in this Agreement, whether made prior to or after the execution of this Agreement, will be admissible against the Defendant without any limitation in any civil or criminal proceeding brought by the United States; and (b) the Defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to this Agreement, of any documents provided by the Defendant or the Defendant's representatives to any state or federal agency and/or the United States.

20. The Defendant acknowledges that his guilty plea under this Agreement may have

consequences with respect to his immigration status because the Defendant was not a natural born citizen of the United States. These consequences may include denaturalization and removal from the United States. The Defendant understands that denaturalization, removal, and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of this conviction on the Defendant's immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if those consequences entail the Defendant's denaturalization and/or removal from the United States. The Defendant agrees that he will have no right to withdraw this guilty plea based on any actual or perceived adverse immigration consequences (including denaturalization and removal) resulting from his guilty plea. The Defendant further agrees that he will not challenge his conviction or sentence on direct appeal, or through litigation under 28 U.S.C. §§ 2255 and/or 2241, based on any actual or perceived adverse immigration consequences (including denaturalization and removal) resulting from his guilty plea.

21.     This is the entire Agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations, or understandings.

GLENN S. LEON
CHIEF, FRAUD SECTION

Date: 2/4/25          By: _____
                          MATTHEW F. SULLIVAN
                          MATT KAHN
                          TRIAL ATTORNEYS

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 2/4/25          By: _____
                          ELI RUBIN
                          ELIZABETH YOUNG
                          ASSISTANT U.S. ATTORNEYS

Date: 2/4/25          By: _____
                          MATTHEW MENCHEL, ESQ.
                          ATTORNEY FOR DEFENDANT

Date: 2/4/25          By: _____
                          GABRIELA M. RUIZ, ESQ.
                          ATTORNEY FOR DEFENDANT

Date: 2/4/25          By: _____
                          STEPHEN GEORGE
                          DEFENDANT