UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>25-60011-CR-WPD</u>

UNITED STATES OF AMERICA

vs.

STEPHEN GEORGE,

      **Defendant.**

                                 /

**THE UNITED STATES OF AMERICA'S OBJECTIONS
TO THE DRAFT PRESENTENCE INVESTIGATION REPORT**

The United States of America (the "United States") hereby submits the following objections to Defendant Stephen George's draft Presentence Investigation Report ("PSR") (Dkt. No. 20).

**1. Objection to Paragraph 22**

The United States objects to three aspects of this paragraph.

*First*, Company A's Insider Trading Policy applied to all employees. All Company A employees were prohibited from trading in Company A securities if an employee possessed material non-public information regarding Company A, regardless of the employee's position.

*Second*, Company A's Insider Trading Policy had an additional restriction against those employees at the Vice President-level and above, such as the Defendant. Those employees were members of the company's "Control Group" and were prohibited from trading in Company A's securities during certain "black-out periods," which ran from two weeks prior to the end of the last calendar month of the fiscal quarter until two full trading days after the public release of the company's quarterly or annual earnings. As relevant here, a "black-out period" ran from March 17, 2023, through May 11, 2023.

*Third*, the Defendant served as Vice President and Controller of Company A from on or about November 2017 until his departure from the company in April 2023.  As stated below in connection with Paragraph 25, the signature block in the Defendant's resignation email listed his position as "VP, Corporate Controller."

2. **Objection to Paragraph 25**

The United States objects to the first sentence of the paragraph to provide additional information, specifically:  "On March 27, 2023, the Defendant submitted his notice of resignation by email.  The Defendant chose April 7, 2023, as his last day of employment.  In his resignation email, the Defendant's signature block listed his position as 'VP, Corporate Controller.'  At the time the Defendant submitted his resignation (and through his departure), he did not have, nor had arranged for, another means of employment."

The Defendant resigned and scheduled his last day of employment to occur during a "black-out period" that ran from March 17, 2023, through May 11, 2023.

3. **Objection to Paragraph 27**

The penultimate sentence states that Company A's "financial performance, as contained in the report that George generated and sent to himself on April 7, 2023, was better than expected."  This sentence is unclear and potentially inaccurate.  The sentence should read: "[Company A]'s publicly reported financial information mirrored the confidential financial information contained in the income statement the Defendant generated and emailed to himself on April 7, 2023."

4. **Objection to Paragraph 29**

The first sentence should be stricken and replaced with the following:  "George executed these trades in [Company A] securities based on the MNPI he received through his employment at [Company A].  The Defendant knowingly and willfully breached his duty of confidentiality to

[Company A] by trading in [Company A's] securities on the basis of MNPI."

The United States further objects to add the following additional information: "Separate and apart from the Defendant's insider trading scheme described above, as of April 10, 2023, the Defendant owned approximately 27,595 shares of [Company A] common stock, worth approximately $2.3 million and held in the Defendant's Merrill Lynch brokerage account. As of May 10, 2023, the first trading day after [Company A] publicly reported better-than-expected earnings and sales for the first quarter of 2023, the value of these 27,595 shares was approximately $3.5 million, representing an approximately $1.2 million increase since April 10, 2023."

Lastly, the United States seeks to clarify the last sentence in the paragraph. While the Defendant made no post-arrest statements, he did meet with law enforcement, accompanied by defense counsel, on April 25, 2024. During the meeting, in sum and substance, the Defendant denied trading in Company A securities on the basis of MNPI.

5. **Objection to Paragraphs 30-31 & 108**

On April 2, 2025, Company A's counsel provided a supplemental letter to Probation in further support of Company A's March 13, 2025, request for restitution and to address certain questions the United States raised regarding the request. Among other things, the April 2 letter contained additional information regarding legal fees and eDiscovery vendor costs that were the basis of the restitution request. Based on the information provided in the April 2 letter, the United States believes that Company A has provided a sufficient basis to support the full amount of its restitution request, $203,563.80.

6. **Objection to Paragraph 76**

The paragraph's first sentence inaccurately asserts that the Defendant was employed at Company A until January 28, 2025. The Defendant's last day of employment was April 7, 2023.

7. **Objection to Paragraphs 80-81**

Paragraph 81 states that "[a]n inquiry with Zillow revealed" that the Defendant's residence "has an estimated market value of $862,400[.]" This appears to be a typographical error. As of April 1, 2025, Zillow estimated the property's value at $1,869,100.

Relatedly, the Defendant's net worth analysis included in Paragraph 80 lists his ownership interest in the residence as a liability of $57,876. This should be an asset worth approximately $442,123.5 (($1,862,400 - $978,153)/2).

## *Conclusion*

The United States respectfully requests that the above objections be incorporated into the PSR and reserves the right to provide additional facts, as necessary, to respond to any objections to the PSR to be filed by the Defendant.

Respectfully submitted,

| | |
|---|---|
| HAYDEN P. O'BYRNE<br>UNITED STATES ATTORNEY | LORINDA I. LARYEA<br>ACTING CHIEF, FRAUD SECTION<br>CRIMINAL DIVISION<br>U.S. DEPARTMENT OF JUSTICE |
| /s/ Eli S. Rubin<br>Eli S. Rubin<br>Assistant United States Attorney<br>Court ID No. A5503535<br>99 N.E. 4th Street<br>Miami, Florida 33132<br>(305) 961-9247<br>Email: Eli.Rubin@usdoj.gov | /s/ Matthew F. Sullivan<br>Matthew F. Sullivan<br>Trial Attorney<br>Court ID No. A5502369<br>1400 New York Avenue, N.W.<br>Washington, DC 20530<br>(202) 578-6583<br>Email: Matthew.Sullivan2@usdoj.gov |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on April 7, 2025.

                                                  *s/ Eli S. Rubin*
                                                  Eli S. Rubin
                                                  Assistant U.S. Attorney